UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LIZA CHOI,                                              :    Case No. : 17 Civ. 3518
                                                        :
                    Plaintiff,             :    **COMPLAINT**
                                                        :
      - against -                                     :
                                                        :
                                                        :
FERRELLGAS, INC. and MICHAEL GUADAGNO, :
                                                        :
                  Defendants.            :
------------------------------------------------------------------------X

      Plaintiff Liza Choi, by and through her attorneys Shulman Kessler LLP, complaining of Defendants Ferrellgas, Inc. ("Ferrellgas") and Michael Guadagno ("Guadagno") (collectively "Defendants"), alleges as follows:

## NATURE OF THE CLAIMS

      1.      Throughout her almost 12 years of employment at Ferrellgas and its predecessor Mr. Bar-B-Q, Liza Choi was a stand-out performer, and a constant recipient of praise and accolades regarding her work. Ms. Choi was consistently awarded raises and exemplary performance reviews. On December 18, 2015, approximately two and a half weeks prior to Ms. Choi's FMLA maternity leave, she received her first negative performance review from Vice President of Operations, Michael Guadagno ("Guadagno").

      2.      On December 18, 2015, Ms. Choi's position as Import Department Manager was taken away and reassigned to Ms. Choi's former subordinate. Ms. Choi was told that her new job would be special assistant to Guadagno. After informing Ms. Choi that she had been stripped of the title of Import Department Manager, Guadagno sent Ms. Choi home for a two-week suspension and instructed her not to speak to anyone at the office. Ms. Choi went into labor and began her FMLA leave the day after returning to the office from her two-week suspension.

3.     Upon returning from FMLA leave, Ms. Choi was assigned to a newly created position, "Import Operations Expense Auditor". In this new role, Ms. Choi was assigned a minimal amount of work and was not permitted to contact people in the company independently. On May 19, 2016, approximately seven weeks after returning from maternity leave, Ms. Choi was informed that Ferrellgas was eliminating the position of Import Operations Expense Auditor. Ms. Choi was then terminated from the company.

4.     The anti-discrimination laws are intended to afford pregnant women the same rights as any other employee, and provide pregnant women with the dignity and respect they deserve. As such, this is an action for declaratory, injunctive and monetary relief to redress Defendants' unlawful employment practices, including unlawful discrimination and retaliation committed against Ms. Choi. The unlawful discrimination described herein was committed in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000e *et seq.,* and as amended by the Pregnancy Discrimination Act, the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA") and the New York State Human Rights Law, N.Y. Executive Law §§ 290 et seq. ("NYSHRL").

## ADMINISTRATIVE PREREQUISITES

5.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 13, 2016.

6.     The EEOC issued a notice of the right to sue on March 16, 2017.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA

and Title VII. The Court has supplemental jurisdiction over Plaintiffs related claims arising under State law pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

9. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

10. Plaintiff Liza Choi is female.

11. Ms. Choi is a former employee of Ferrellgas.

12. Ms. Choi began working at Mr. Bar-B-Q in August 2004. In March 2013, Mr. Bar-B-Q was acquired by Ferrellgas.

13. For the majority of Ms. Choi's tenure at Ferrellgas, she was Import Department Manager.

14. Ms. Choi was terminated from her employment with Ferrellgas on May 19, 2016.

15. Ms. Choi is a resident of the State of New York and at all relevant times met the definition of an "employee" and/or "eligible employee" under all applicable statutes.

16. Defendant Ferrellgas is a Delaware corporation, with headquarters at One Liberty Plaza, Liberty, Missouri 64068. At all relevant times, Ferrellgas met the definition of "employer" or "covered employer" within the meaning of all applicable statutes.

17. Defendant Guadagno, a resident of the State of New York, is Vice President of Operations at Ferrellgas. At all relevant times, Guadagno was Ms. Choi's supervisor, and, in that role, he had the authority to discipline and fire Ms. Choi, direct her work activities, assign her

job responsibilities and monitor her performance. At all relevant times, Guadagno was an "employer" within the meaning of all applicable statutes.

# FACTS

**Notice of Pregnancy and Reassignment**

18. In July of 2015, Ms. Choi informed Defendants that she was pregnant.

19. Ms. Choi informed Defendants of her pregnancy in the early stages.

20. Ms. Choi's pregnancy was high risk and she informed Defendants in the early stages of her pregnancy so that the company could prepare for her anticipated absences due to upcoming doctors' appointments.

21. On September 9, 2015, Ms. Choi had a performance review conducted by Guadagno.

22. In the September 9, 2015 performance review, Guadagno stated that Ms. Choi "consistently met and on most occasions exceeded expectations" in five out of the six performance review categories and in one of the six categories she was evaluated to have "consistently met and on a few occasions exceeded standards."

23. On December 18, 2015, when Ms. Choi was 33 weeks pregnant and preparing to go on leave, Guadagno called her into his office.

24. When Ms. Choi entered Guadagno's office, he stated that he needed to have someone else present during the conversation and informed Ms. Choi that human resources professional, Mary Lentz ("Lentz") would be on speakerphone for the duration of the conversation.

25. During the December 18, 2015 meeting, Guadagno informed Ms. Choi that he

4

had several criticisms of her job performance.

26. During this meeting Guadagno accused Ms. Choi of being verbally abusive to her subordinates.

27. Guadagno never mentioned this allegation prior to December 18, 2015.

28. At the December 18, 2015 meeting, Guadagno made false statements about past conversations that he claimed to have had with Ms. Choi concerning her management style. These conversations never transpired and are not referenced in prior performance reviews.

29. Guadagno memorialized this inaccurate information in a performance related document that has been misdated as "December 18, 2014."

30. Prior to the December 18, 2015 meeting, Guadagno never reprimanded Ms. Choi about her management style, nor had he spoken to her about alleged verbal abuse of her subordinates.

31. During the December 18, 2015 meeting, Ms. Choi asked for more information about the complaints that had been purportedly lodged against her and was told by Guadagno that she "didn't want to know."

32. This is in direct conflict with Ferrellgas' policy with respect to co-worker complaints.

33. At the end of the December 18, 2015 meeting, Ms. Choi was removed from her position as Import Department Manager.

34. At the December 18, 2015 meeting, Guadagno stated that Ms. Choi would become his special assistant and no longer manage the import department, but would continue to perform all of her duties that did not require Ms. Choi to speak with other people in the import

department.

35. Ms. Choi wanted to refute the statements that had been made about her management style. Lentz told her that she could offer a statement in writing. Lentz then concluded the meeting and got off the phone.

36. Ms. Choi was shocked by the content of the meeting and told Guadagno that she couldn't believe that Defendants were treating her this way.

37. Ms. Choi reminded Guadagno that she had been dedicating long hours to her work at Ferrellgas and had never received a complaint. Now, as she was nearing her due date and corresponding FMLA leave, Guadagno was treating her in an unprecedented way and piling unforeseen stress upon her.

38. At the end of the December 18, 2015 meeting, Guadagno put Ms. Choi on a two-week suspension, which he referred to as a "cooling off" period. During the suspension period Ms. Choi was not permitted to go into the office or contact her coworkers.

39. On January 6, 2016, when the suspension ended, Ms. Choi returned to the office. She was 35 weeks pregnant.

40. Ms. Choi went into labor on January 7, 2016 and informed Ferrellgas that she was taking her FMLA leave.

**Return from FMLA Leave and Termination**

41. Ms. Choi returned to the office from FMLA leave on April 1, 2016.

42. Upon her return, Guadagno assigned Ms. Choi a new position and gave her a document containing a job description.

43. Ms. Choi's new job title was Import Operations Expense Auditor.

44. Ms. Choi reviewed her new tasks and realized that her duties and responsibilities had been greatly reduced and that the description contained inflated language for routine tasks and redundant duties.

45. Ms. Choi noticed that the language in the description intended to conceal the fact that her stature at the company had been dramatically altered upon her return from FMLA leave.

46. There were several responsibilities listed on the Import Operations Expense Auditor job description that required Ms. Choi to contact other people, but Ms. Choi was unaware of who those people were.

47. Ms. Choi asked Guadagno for the necessary information and he stated that he would take care of getting the required information to her so that she could complete her required tasks. He did not get Ms. Choi this necessary information.

48. In Ms. Choi's new, diminished role at Ferrellgas, Guadagno was unresponsive to her emails and phone calls. Ms. Choi was completely reliant on Guadagno to do her job. If Guadagno did not get back to Ms. Choi with the communications and reports from other branches, Ms. Choi could not perform her work.

49. Ms. Choi was prohibited from contacting anyone else to get the necessary information to run her audits.

50. Upon her return from FMLA leave, Ms. Choi was isolated from her former team and vendors with whom she had been working.

51. Ms. Choi's new position greatly reduced her responsibilities. The work that Ms. Choi was assigned to perform over the course of one month took approximately two days.

52. On May 19, 2016, Guadagno terminated Ms. Choi stating that Ferrellgas was eliminating her position due to budget constraints.

53. The creation of the Import Operations Expense Auditor positon and Ms. Choi's placement in that position was an obvious pretext, meant to hide the fact that Ferrellgas discriminated against Ms. Choi for being pregnant and retaliated against her for taking FMLA leave.

### **FIRST CAUSE OF ACTION**
(Retaliation in Violation of the FMLA)

*Against Ferrellgas*

41. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

42. At all times relevant herein, Plaintiff was an "eligible employee" within the meaning of the FMLA. Similarly, at all times relevant herein Ferrellgas was and is a "covered employer" within the meaning of the FMLA.

43. Plaintiff has suffered adverse employment actions described above because, in whole or in part, she exercised rights protected by the FMLA, including but not limited to termination of her employment.

44. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief.

45. Defendant did not have reasonable grounds for believing that its unlawful and retaliatory actions did not violate the FMLA, and such actions constitute bad faith violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

## SECOND CAUSE OF ACTION
(Discrimination in Violation of Title VII)

### *Against Ferrellgas*

41. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

42. By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of her gender and/or pregnancy in violation of Title VII by, *inter alia,* terminating her employment on account of her gender and/or pregnancy.

43. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
(Retaliation in Violation of Title VII)

### *Against Ferrellgas*

44. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

45. By the actions described above, among others, Defendants have retaliated against Plaintiff by, *inter alia,* terminating her in violation of Title VII for complaining about pregnancy discrimination.

46. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION
(Discrimination in Violation of New York State Human Rights Law)

### *Against All Defendants*

47. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

48. By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her gender and/or pregnancy in violation of the NYSHRL by, *inter alia,* terminating her employment on account of her gender and/or pregnancy.

49. Defendant Guadagno aided and abetted the discriminatory conduct of Ferrellgas and the other employees who acted on behalf of Ferrellgas to discriminate against Plaintiff.

50. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION
(Retaliation in Violation of New York State Human Rights Law)

### *Against All Defendants*

51. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

52. By the actions described above, among others, Defendants have retaliated against Plaintiff by, *inter alia,* terminating her in violation of the NYSHRL for complaining about pregnancy discrimination.

53. Defendant Guadagno aided and abetted the retaliatory conduct of Ferrellgas and the other employees who acted on behalf of Ferrellgas to retaliate against Plaintiff.

54. As a direct and proximate result of Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## DEMAND FOR JURY TRIAL

55. Plaintiff herein demands a trial by jury for all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Liza Choi demands that a judgment be entered in her favor and that the Court order and award Plaintiff the following relief against Defendants:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of New York;

B. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages;

C. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiffs emotional distress;

D. An award of punitive damages in an amount to be determined at trial;

E. An award of liquidated damages in an amount to be determined at trial;

F. Pre-judgment interest on all amounts due;

G. An award of Plaintiff's reasonable attorneys' fees and costs; and

H. Such other and further relief as the Court may deem just and proper.

Dated: Melville, New York
      June 12, 2017

                                        Respectfully submitted,

                                        SHULMAN KESSLER LLP

                                        By:   */s/ Tana Forrester*
                                              Tana Forrester
                                              Troy Kessler
                                      *Attorneys for Plaintiff*
                                      534 Broadhollow Road, Suite 275
                                      Melville, New York 11747
                                      (631) 499-9100